JOSEPH BACHELDER and WILLIAM REA, appellees, *vs.* ASA HAN-    *Caledonia,*<br>*March,*<br>*1827.*
SON, appellant.

A son having died without issue, and his father, who would by law have inherited his estate, dy- ing soon after, the executor of the father merged the estate of the son in that of the father. It afterwards appearing that the son had made a will, giving all his estate, which was personal, to two married women, the executor of the father entered into bonds with the husbands of the two legatees, (one of whom had taken administration upon the estate of the son,) to abide the award of arbitrators upon all matters in difference between them, as well in their individual, as in their respective representative capacities. At 'the same time they executed a written memorandum of agreement, being a submission of the same matters to the same arbitrators, (without reference to the bond,) which was presented to the judge of probate, who approved the said submission, *so far as it related to the two estates.* The arbitrators made a special award, or report, addressed to the judge of probate, finding no matters in difference between the parties excepting what rela- ted to the said estates, and awarding a specifick sum to the husbands of the legatees of the son. This award was approved by the judge of probate, in the same language made use of in approv- ing the submission; from which decision of the judge of probate no appeal was taken. An action was afterwards brought upon the arbitration bond, to which the executor pleaded no award; the plaintiffs replied the award or report to the judge of probate ; and the executor rejoined, setting forth the said submission under the approval of the said judge, and the said report or award, with his approval thereof;—demurrer; joinder in demurrer, and judgment for the executor.

And now, in an action of debt upon the said report or award, approved as aforesaid, Held—That the expressions of the judge, implying a partial acceptance of the report, must be understood as applying to the *subject matter* of the report, (which did in fact relate only to the two estates,) and not to the *parties* to the submission—that the submission, being between the real parties in interest, and understandingly entered into, was itself a waiver of all objections which might have been well raised in the ordinary course of judicial proceedings—that if not estopped by the sub- mission, a joinder of improper parties therein, could only be urged before the probate court a- gainst the approval of the award, and not against its validity after approval, and that the final approval of the judge of probate, without an appeal being taken according to the statute, is con- clusive between the parties to the submission.

Held, also—That the former recovery on the arbitration bond was no bar to the present action up- on the award of the referees, under the approval of the probate court.

ASA HANSON was attached to answer to *Joseph Bachelder,* of &c. and *William Rea,* of &c. in a plea, that to the plaintiffs the defendant render the sum of eleven hundred and fifty dol- lars, which he owes to, and unjustly detains from them ; for that whereas certain disputes and differences having arisen, and being depending, between the plaintiffs, in their private or individual right, and the defendant, in his private or individu- al right, and between the said Joseph, as administrator of the estate of *Henry H. Lowell,* then late of Gilmantown, in the county of Strafford, and state of New-Hampshire, deceased, and the defendant, as executor of the last will and testament of *Daniel Lowell,* then late of said Gilmantown, deceased ; the said plaintiffs and defendant, on the 14th day of November, A. D. 1821, by a certain memorandum of an agreement in writing of that date, subscribed with their, and each of their proper hand writing, submitted to the final end, award and determination of *William Mattocks, Samuel Sias,* and *Salma Davis,* arbitrators, mutually chosen by and between the plaintiffs and defendant, all matters of controversy then existing between the plaintiffs and defendant, as well in their private as in their representa- tive capacities aforesaid----which award of said arbitrators, or of any two of them, was to be final and conclusive between the parties, so as the same be made and ready to be delivered to

Caledonia,
March,
1827.

Bachelder
&
Rea
vs.
Hanson.

the said parties in difference, on or before the 1st day of February then next, which memorandum of an agreement, or submission to said arbitrators, was, by the plaintiffs and defendant, afterwards, to wit, on the 24th day of November, A. D. 1821, presented to *John W. Chandler*, Esq. judge of probate within and for the district of Caledonia, for his approbation; whereupon the said John W. Chandler, judge as aforesaid, adjudged and certified on the said submission, that the said Hanson, executor as aforesaid, and the said Bachelder, administrator as aforesaid, having mutually agreed before him, to submit all matters of controversy between them in their capacities as aforesaid, and between said two estates, to the aforesaid referees, and to abide their award, he, the said judge, did approve and allow of said submission, as it respected the two estates aforesaid.

And the plaintiffs further say, that the said arbitrators, having taken upon themselves the burden of said arbitration, did in due manner, and within the time for that purpose appointed, to wit, on the 22d day of November, A. D. 1821, at Danville, aforesaid, duly make and publish their award in writing, of and concerning the said matters in difference between the plaintiffs and defendant, ready to be delivered to the said parties in difference, and bearing date the day and year last aforesaid, and addressed to the said John W. Chandler, judge of probate as aforesaid, and thereby, after stating that they had taken upon themselves the burden of said submission, and had notified said parties to appear before them at the office of said Mattocks, in said Danville, on the day last aforesaid, and that they had so appeared, and had presented their exhibits, and been fully heard in relation to all matters of controversy between them, and that it was shown them, the said arbitrators, that the before named Henry H. Lowell, deceased, in his life time, bequeathed all his estate, (being wholly personal) to Mary Bachelder, wife of said Joseph, and to Martha Rea, wife of said William, equally; and that it was shown to them, that the property of said Henry (meaning after his decease,) had been by mistake merged by the said Asa in the property of said Daniel Lowell, deceased——did award and determine, that the said Asa Hanson pay to the said Bachelder and Rea, on demand, the sum of three hundred and fifty dollars, in full satisfaction of all claims by said Bachelder and Rea upon the estate of said Henry H. Lowell, deceased, and that said Bachelder and Rea pay said arbitrators four dollars, as their fees in the premises: of which said award, the defendant afterwards, to wit, on the day last aforesaid, at Danville, aforesaid, had notice; which award was afterwards, to wit, on the 29th day of November, aforesaid, presented to said judge of probate for his acceptance——the decision of which acceptance was, by the existing judge of probate for said district, postponed from time to time, until the 31st day of January, A. D. 1822, at which time *Benjamin F. Deming*, then judge of probate for said district, decided and adjudged that said award be accepted, so far as it related to the

*Caledonia,*
March,
1827.

Bachelder
&
Rea
*vs.*
Hanson.

two estates aforesaid, as by said award and proceedings thereon, reference thereto being had, will more fully appear----whereby an action hath accrued to the plaintiffs, to demand and have, of and from the defendant, the said sum of three hundred and fifty dollars, parcel of the said sum above demanded.

And *whereas*, also, the said defendant afterwards, to wit, on the 31st day of January, A. D. 1822, at Danville aforesaid, had and received a certain other sum of money, to wit, the sum of four hundred and fifty dollars, to and for the use of the plaintiffs, and to be paid by the defendant to the plaintiffs, when he, the defendant, should be thereunto afterwards requested : whereby and by reason of the said last mentioned sum of money being and remaining wholly due and unpaid, an action has accrued to the plaintiffs, to demand and have of and from the defendant, the said sum of four hundred and fifty dollars, parcel of said sum above demanded.

And *whereas*, also, the defendant, on the 22d of November, 1821, at Danville, aforesaid, accounted with the plaintiffs of and concerning divers sums of money, before that time and then due and owing and in arrear and unpaid, from the defendant to the plaintiffs, and upon that accounting the defendant was found to be in arrear and indebted to the plaintiffs in the further sum of three hundred and fifty dollars, to be paid by the defendant to the plaintiffs when he should be thereunto afterwards requested : whereby and by reason of the last mentioned sum of money being and remaining wholly unpaid, an action hath accrued to the plaintiffs, to have and demand of and from the defendant, the said last mentioned sum of three hundred and fifty dollars, residue of said sum above demanded. ----Yet the defendant, although often requested so to do, has not paid the said sum of eleven hundred and fifty dollars, above demanded, or any part thereof, to the plaintiffs; but he to do this has hitherto wholly refused, and still doth refuse----to the damage, &c.

The defendant, among divers other pleas to this declaration, pleaded, *thirdly*, in bar of the first count thereof, as follows :---- And for further plea in this behalf, as to the first count in said declaration, the said Asa Hanson, by leave of Court for this purpose first had and obtained, says, that the said Bachelder and Rea ought not to have or maintain their aforesaid action thereof against him, because he says that the said Joseph Bachelder and William Rea heretofore, to wit, at the December term of Caledonia county court, holden at Danville, within and for said county, on the 2d Monday of December, A. D. 1822, impleaded the said Asa in a certain plea of debt on bond, the penalty whereof was five hundred dollars, bearing date the 14th November, 1821, and declaring to their damage fifty dollars ; which said bond was part and parcel of the same agreement to submit to the determination and decision of arbitrators, set forth in the plaintiffs' present declaration, and legally and perfectly executed to bind the said Asa to the fulfilment and ob-

41

*Caledonia,*
*March,*
*1827:*

Bachelder
&
Rea
*vs.*
Hanson:

servance of the award of the said William Mattocks, Samuel Sias and Salma Davis, as appears by the conditions of the same bond, by the said Joseph Bachelder and William Rea sued for the purpose of enforcing the same: which supposed award there set forth is the same identical supposed award set forth in the plaintiffs' present declaration; and such proceedings were had in that court upon that plea, that said cause was removed into the Supreme Court by appeal; and afterwards, to wit, at the Supreme Court holden at Danville, within and for the county of Caledonia, on the 2d Tuesday of September, 1824, such further proceedings were there had in the court last aforesaid, in the same plea, that the said Asa Hanson, by the consideration and judgment of the court last aforesaid, recovered in the said plea, against the said Joseph Bachelder and William Rea, the sum of $27,50, in cost and charges by him sustained and expended, in defending against the plea of the said Joseph Bachelder and William Rea upon its merits, and whereof the said Bachelder and Rea were convicted; as by the records and proceedings thereof, still remaining in the said Supreme Court, at Danville, aforesaid, more fully and at large appears, (exemplified copies being here ready to be shown;) which said judgment still remains in full life and force, not reversed, vacated, or made void; and this he the said Asa Hanson is ready to verify---wherefore the present submission being the same submission, and the present described award being the same identical supposed award set forth and adjudged upon in said last described plea of the said Bachelder and Rea, the said Asa prays judgment if the said Bachelder and Rea ought to have or maintain their aforesaid action against him, &c.

To this plea, the plaintiffs, after praying oyer of the record of the action therein described, demurred; and the defendant joined in demurrer.

The demurrer was argued this term, by *Mattocks,* for the plaintiffs, and *Paddock,* for the defendant.

The points relied upon by the counsel, and those parts of the record in the former action material to be known, will sufficently appear from the following opinion of the court, which was pronounced by

Hutchinson, J. If the facts in this case are comprehended by the court, one *Henry H. Lowell* died a few years since, leaving his father, *Daniel Lowell,* living. At a later period, Daniel deceased also, and the defendant, *Asa Hanson,* was the executor named in the will of Daniel; and he procured the probate of the will, and officiated as executor of the same. It seems that he proceeded to settle the estate of Daniel, not knowing but that Henry died intestate; and, considering Daniel, the father, to be sole heir to his son Henry, (who died without issue,) let the property of Henry merge with that of Daniel. At a subsequent period, and before the estate of Daniel was wholly settled, it was discovered that Henry, while living,

made his will, by which he bequeathed all his property, it being personal estate, to Mrs. *Bachelder* and Mrs. *Rea*, the wives of the present plaintiffs, to each an equal portion. The plaintiff, *Bachelder*, then took a letter of administration of the estate of Henry, (probably with the will annexed,) and claimed, in connexion with the other plaintiff, *Rea*, the property of Henry in the hands of the defendant as before mentioned.

*Hanson*, it appears, did not so fully admit the claim as to pay without contest: and all three agreed to a reference, according to the statute, before the judge of probate. Accordingly, they made their submission in writing, as follows, to wit:

"This memorandum of an agreement, made this 14th day of November, A. D. 1821, by and between Asa Hanson, of Gilmantown, in the state of New-Hampshire, executor of the last will and testament of Daniel Lowell, late of said Gilmantown, deceased, and Joseph Bachelder, of Danville, and state of Vermont, administrator of the estate of Henry H. Lowell, late of said Gilmantown, deceased, and William Rea, of Burke, have submitted, and do by these presents submit, to the final end, award and arbitration of William Mattocks, Samuel Sias, and Salma Davis, arbitrators mutually chosen between us, as well in our private as in our representative capacities aforesaid, which award of either two of them is to be final and conclusive between the parties, so the same be made and ready to be delivered to the parties in difference on or before the first day of February next. In testimony whereof we have hereunto subscribed our hands, the day and year first above written. Signed *William Rea, Joseph Bachelder, Asa Hanson.*"

This was presented to the judge of probate, and he, reciting that Hanson, as executor, and Bachelder, as administrator, had mutually agreed to submit, &c. and saying nothing about Rea's having joined in the agreement, approved of the submission, as it related to the two estates. Afterwards, and within a few days, the parties were together, and had their hearing before the said referees, who decided upon the premises, and made their report in writing, as follows:

"To the Hon. Judge of Probate for the district of Caledonia. ---The subscribers, appointed arbitrators, as within mentioned, having taken upon ourselves the burden of said submission, and having notified the within named Asa Hanson, William Rea, and Joseph Bachelder, to appear before us at the office of William Mattocks, in Danville, on the 22d day of November, A. D. 1821, and the said parties met accordingly, and having duly presented their exhibits, and having been fully heard by us in relation to all subjects of controversy between them, and it being shown us that the within named Henry H. Lowell, deceased, in his lifetime, bequeathed all his estate, being wholly personal, to Mary Bachelder, wife of said Joseph, and Martha Rea, wife of said William, equally; and it being also shown us, that the property of said Henry has, by mistake, been merged by said Asa in the property of Daniel Lowell, deceased: we do

*Caledonia,*
*March,*
*1827.*

*Bachelder*
*&*
*Rea*
*vs.*
*Hanson.*

therefore unanimously award and determine, that said *Asa* Hanson pay to said Bachelder and Rea, on demand, the sum of three hundred and fifty dollars, in full satisfaction of all claims of the said Bachelder and Rea, upon the estate of the said Henry, deceased; and that said Bachelder and Rea pay us the sum of four dollars, as our fees. In testimony whereof we have hereunto subscribed our hands, this 29th ay of November, A. D. 1821.  *Wm. Mattocks, Samuel Sias, Salma Davis,* arbitrators."

This report came up for acceptance before the court of probate, and, after several continuances, it was accepted on the 31st day of January, 1822, and became a matter of record in the probate court.

The plaintiffs, considering that these proceedings before the court of probate entitle them to recover of the defendant, Hanson, the sum allowed them by the referees, have brought the present action to recover the same. The plaintiffs have declared in debt, and the first count of their declaration sets forth the facts now recited, and claims the $350 contained in the said report. In stating, however, the acceptance of the report, they have stated it as accepted as relates to the two estates, in the language the judge used in approving the submission.

To this first count the defendant has plead in bar a former recovery, in a suit between the same parties, in which the same demand was brought upon the record, and, as he contends, adjudicated upon, and resulted in a decision in his favour.

The defendant has not incorporated into his plea the record of the former recovery, but has trusted to his averment of the history of the suit and decision therein, and of the identity of the matters litigated.

The plaintiffs, in reply to this, have prayed oyer of the record, and made it a part of their replication; and concluded the same with a general demurrer to the plea in bar, before mentioned, which is the defendant's third plea.

The defendant has joined in this demurrer.

The plaintiffs' counsel alluded to one defect in the plea in bar, where it avers the bond to be a part of the same agreement, without saying what agreement; but this is cured by the obvious reference to the agreement described in the plaintiffs' declaration, and also by the oyer of the record prayed by the plaintiffs.

The defendant, in carrying the force of the demurrer back to the plaintiffs' declaration, contends, that the award, as he terms it, described in the declaration, is bad, and no recovery can be had upon it; and, *secondly,* he contends that the former recovery now plead is a sufficient bar.

Some of the objections against the validity of the plaintiffs' claim, result from its being viewed as the award of arbitrators merely; and it is said an executor or administrator cannot agree to a submission so as to bind the estates they represent; but the weight of authorities is the other way, in case such ex-

*Caledonia*,
March,
1827.

Bachelder
&
Rea
*vs.*
Hanson.

ecutors or administrators will assume the risk of satisfying the heirs of those estates. But, treating this as a reference under the sanction of the court of probate, there can be no doubt of the power of Hanson, as executor, and Bachelder as administrator, to put an end to their controversies in this way. The statute then in force, like the late statute, contains an express provision for such a procedure, and says that such a report, accepted by the court of probate, shall be final between the parties.

But it is suggested, that Rea, who joined in the reference, acted as individual and in the right of his wife, though not so described; and further, that the report was broader than the submission that was approved by the probate court. These suggestions, at the present state of the proceedings, appear rather more technical than substantial. It is true, no person could have maintained an action against Hanson as executor of Daniel Lowell, but Bachelder, who was administrator of Henry, and he must have sued in his representative capacity. If suits might otherwise have been brought, still Bachelder and Rea could not have joined, but each must have sued for his half the money; nor could either have sued as an individual, without joining his wife, in whose right he claimed. But, had the defendant paid the money over without objection, Bachelder could have discharged his half, and Rea could have discharged his half----or Bachelder, as administrator, could have discharged the whole, and Rea and wife could have called upon him for their moiety.

The defendant, however, was disposed in some sense to litigate the question; no more, probably, than would be for his safety as respected the rights of the heirs of his testator, Daniel Lowell, as we should judge from the amicable mode adopted to settle the question. They all, that is, they who ought to receive the money in separate moities, and he who ought to pay the same, made and signed a submission of the question to the three men therein named; and, by the terms of the written submission, include all individual, as well as representative claims and rights. This being thus made and signed by and between all parties in interest, is itself a waiver of all the objections which might have been well raised in the ordinary course of judicial proceedings.

But the probate judge certifies his approbation of the submission so far as relates to the two estates, and says nothing about the submission of Rea. Possibly he intended to be technical, and include nothing which should not in form regard the two estates, and be presented by the executor and administrator. If so, that might have formed an objection to the acceptance of the report, when it was returned in favour of Bachelder and Rea.----But it seems the report, thus returned, was accepted. Hence it is probable that the particularity of expression in approving the submission, was intended to exclude such individual claims as might be within the terms of the written submis-

Caledonia,
March,
1827.

Bachelder
&
Rea
vs.
Hanson:

sion, and yet have no relation to the two estates in controversy. Upon this construction, as the report was specifick, and showed itself to contain nothing but the money due from the defendant to Bachelder and Rea, in the rights before named, there could be no solid objection to the acceptance of the report; it was in favour of those in interest, and who were in fact parties to the submission, and, by becoming so, had estopped themselves from complaining afterwards, let the decision be for or against them. But the report was accepted, and no appeal was taken to the Supreme Court; and it is now too late to urge against the claim, that, merely, which might have been proper to urge in objection to the acceptance of the report. The records in the probate office, since the acceptance of the report, (the time allowed for taking an appeal having expired with no appeal taken,) furnish sufficient evidence to entitle the plaintiffs to recover the sum allowed by the said referees, in their report, thus sanctioned by the acceptance of the probate court.

The observation made upon the terms used in approving the submission, apply equally to the mode of declaring adopted by the plaintiffs in the present case, in alleging an acceptance so far as relates to the two estates. This may sound like a partial acceptance; but, on inspection of the report, it plainly contains nothing but what does relate to the two estates, as before explained.

The next question to be considered, is, whether the plaintiffs are barred by the recovery exhibited in the defendant's third plea in bar?

The general principle that should govern upon this point, is, that wherever the same question is raised and decided in the former action which is presented in this, the former recovery is a bar—otherwise not; and, when, the same evidence will support both actions, they are considered as brought for the same cause. The actions must be of the same kind, that is, they must be of a kind that admit the same testimony. One must not be of a higher grade that requires different testimony. And where a man has his election to bring trover for goods, or assumpsit for the money raised by a sale of the goods, and brings either of those actions, a recovery upon the merits by either party will bar the other action.—See the authorities cited by the defendant, and especially 2 *H. Blac. Rep.* 827, *Nitchin* vs. *Campbell*.

In referring to the recovery plead, it appears the action brought by the plaintiffs against the defendant, was brought upon a bond in the penal sum of $500, conditioned as follows:

"The condition of the above obligation is such, that if the above bounden Asa Hanson shall well and truly stand to, abide, keep, perform, and fulfil the arbitrament, final award and determination of Wm. Mattocks, Samuel Sias and Salma Davis, or any two of them, of and concerning all claims by said Joseph and William, in their private capacity, or by said Joseph, as

Caledonia,
March,
1827.

Bachelder
&
Rea
vs.
Hanson.

administrator of Henry H. Lowell, against said Asa, in his private capacity, or as executor of Daniel Lowell, and of and concerning all claims by said Asa, in his private capacity, or as executor as aforesaid, against said Joseph and William, in their private capacities, or against said Joseph, as administrator aforesaid, so as said award be made in writing, and ready to be delivered to the parties in difference, on or before the first day of February next----then this obligation to be void; otherwise to remain in full force and virtue. · *Asa Hanson.* (L. s.)"

This bond was dated the same day as the submission in the present action, to wit, November 14th, 1821. This bond being spread upon the record in that action, the defendant plead in bar that there was no award made. The plaintiffs replied, setting forth *in haec verba* the same writing, or award, or report set forth in the plaintiffs' declaration in the present case, and averring notice of the same to the defendant, and non-payment of the sum awarded; but not setting forth any submission except the bond itself, nor making any mention of any report to the judge of probate, or any approbation or acceptance of the report in that office.

To this replication the defendant rejoined, setting forth, *in haec verba,* the written submission alluded to by the plaintiffs in their present declaration, and the report to the judge of probate, of the decision of said referees or arbitrators : also alleging that the said submission was presented to the judge of probate, and that he approved the same, and afterwards accepted the report, just as the plaintiffs have now set forth in their present declaration.

To this rejoinder the plaintiffs demurred, and the defendant joined in demurrer ; and the Supreme Court, before which said action was then regularly pending, decided that said rejoinder was sufficient, and rendered judgment for the defendant to recover his costs.

In order for this recovery thus plead to be holden as a bar to the present action of the plaintiffs, the Court must decide that the validity of the same claim now in suit, was so before the Court in the former trial, as to have been adjudicated upon with regard to its merits. A decision upon any interlocutory question, aside from the merits, has no such effect to bar the claim.

It is not easy to conceive, after what is now suggested, that this claim was adjudged to be invalid in and of itself.----We should not conceive this but in the absence of other plausible grounds for such a decision as was there made.

It now becomes important to ascertain what the question was in that action ? It will be recollected that the action was brought upon a bond conditioned for the performance of an award of the men named as arbitrators. The main question for decision must have been, whether the award, placed upon the record by the pleadings, was made pursuant to the submission recited in the condition of the bond, upon which the action was brought. If it were not so made, or were in any legal

Caledonia,
March,
1827.

Bachelder
&
Rea
vs.
Hanson.
sense variant from that which was required by the condition of the bond, it might be perfectly good and valid in itself, and a good foundation for a proper separate action, and yet would be of no avail to support the action upon the bond. Now it is plain that the bond contemplated an award of arbitrators strictly speaking; an award evidenced by nothing of a higher nature than other written awards; an award to be met by the nice objections of variance between the submission and award, of its containing matters not submitted, or not making an end of the controversy between the parties; all which objections might as well be raised when the action is upon the bond, as when it is upon the award itself. And it is as evident that that which was there urged as an award within the condition of the bond, was improperly called an award.----It was a decision of referees under the sanction of the court of probate, upon a submission to referees made before the same court, pursuant to the provisions of the statute. This decision or report had been accepted by the court of probate, by which, and by force of the statute, it had become conclusive between the parties, and was no further liable to such objections as might have been made to its acceptance, nor to those to which common awards are liable. Arbitrators derive their authority solely from the act of the parties; such arbitrators were contemplated in the bond. These referees, though designated by the act of the parties, derived their authority from the probate court, and their doings were of no avail till sanctioned by such court.

It is not improbable that the parties, when they executed the bond, supposed it so framed as to cover the case that has arisen; but the mistake of the parties cannot alter the law. The Court are not called upon to decide what would have been the result, had the condition of the bond described a reference before the court of probate, instead of a submission to arbitrators. In such case the variance would have been avoided; yet the subject matter of the suit upon the bond would seem merged in the claim of a higher nature, and more out of the reach of contest, apparent upon the probate records.

These must be considered the grounds on which the Court did, or well might decide the suit upon the bond in favour of the defendant; and they are grounds which wholly exclude the merits of the claim brought before the Court in the present action.

The only result from the view now presented, is, that the plea in bar predicated upon a former recovery, is insufficient to bar the plaintiffs.

Judgment for the plaintiffs.

*Wm. Mattocks* and *I. Fletcher*, for the plaintiffs.
*E. Paddock* and *S. Cushman*, for the defendant.